IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BYRON ROBINSON                                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO: 3:20-CV-00481-HTW-LRA

CAMPING WORLD RV SALES, LLC                                                         DEFENDANT

### ANSWER AND DEFENSES OF CAMPING WORLD RV SALES, LLC

Defendant Camping World RV Sales, LLC ("Camping World"), by and through counsel, submits its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") filed against it in this cause as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Camping World, in whole or in part, upon which relief may be granted.

### SECOND DEFENSE - ANSWER

Camping World, without waiving the previous defense, answers the allegations of the Complaint, paragraph by paragraph, as follows:

1.Camping World is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, denies them for lack of information.

2.Any allegations concerning service of legal process call for legal conclusions to which no response is required. To the extent a response is deemed required, Camping World denies the allegations contained in Paragraph 2 of the Complaint and states only that Camping World is a Minnesota limited liability company that may be served with process through its agent for service of process, CT Corporation System.

3. Camping World states the applicable sales documents speak for themselves.

4. Camping World is without sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint and, therefore, denies them for lack of information.

5. Camping World is without sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and, therefore, denies them for lack of information.

6. Denied.

7. Camping World admits that Plaintiff communicated with Camping World after the sale of his travel trailer and "advised of his desire to revoke his acceptance of the camper trailer." Camping World denies the remaining allegations contained in Paragraph 7.

8. Denied.

9. Denied.

10. Denied. Camping World specifically denies that Plaintiff is entitled to any relief from Camping World, including the relief sought in this Paragraph.

Camping World denies the allegations contained in the unnumbered paragraph following Paragraph 10 of the Complaint titled "WHEREFORE PREMISES CONSIDERED." Camping World denies any wrongdoing and denies that Plaintiff is entitled to any relief whatsoever from Camping World, including the specific relief requested in this Paragraph.

### THIRD DEFENSE

Plaintiff's alleged damages may have been caused by his own fault or negligence, and Camping World is not legally responsible for any fault or negligence of Plaintiff.

### FOURTH DEFENSE

Plaintiff's alleged damages may have been caused by the fault or negligence of others, and Camping World is not legally responsible for their fault or negligence.

**FIFTH DEFENSE**

Camping World denies all liability, but alternatively and affirmatively pleads the provisions of Miss. Code Ann. § 85-5-7 for an apportionment of fault to all parties, non-parties, individuals, or entities whose actions or inactions may have caused or contributed to cause Plaintiff's alleged damages.

**SIXTH DEFENSE**

Plaintiff's claims may be barred by the applicable statute of limitations and/or statute of repose.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, laches, equitable estoppel, ratification, and/or any other applicable equitable principles.

**EIGHTH DEFENSE**

Camping World pleads affirmatively the economic loss doctrine.

**NINTH DEFENSE**

Camping World asserts that there are potentially indispensable parties who were not named herein under Fed. R. Civ. P. 19.

**TENTH DEFENSE**

Camping World has at all times acted in good faith toward Plaintiff, and any award of damages or attorney fees would be inequitable and unjust under the circumstances.

**ELEVENTH DEFENSE**

If Plaintiff failed to mitigate his alleged damages, then he is not entitled to recover those damages.

**TWELFTH DEFENSE**

Camping World is entitled to an offset against any award herein for Plaintiff's use of the subject travel trailer.

**THIRTEENTH DEFENSE**

Any damages to which Plaintiff may be entitled should be diminished by any applicable offsets or trade-in over allowances.

**FOURTEENTH DEFENSE**

If Plaintiff received payment in the past, or receives payment in the future, from others who are or who may be responsible for Plaintiff's alleged damages, then Camping World is entitled to a credit or set-off in the amount of such payments against any judgment that may be rendered in this action.

**FIFTEENTH DEFENSE**

Camping World affirmatively pleads the enforceability of all terms and conditions of the applicable sales documents, including the final, binding purchase agreement entered into by Plaintiff and Camping World.

**SIXTEENTH DEFENSE**

Camping World asserts affirmatively the Uniform Commercial Code and Mississippi's statutory adoption of the Uniform Commercial Code, to the extent applicable.

**EIGHTEENTH DEFENSE**

To the extent Plaintiff alleges fraud, conspiracy, deceit, or other similar conduct, Plaintiff has failed to plead these claims with sufficient particularity.

**SEVENTEENTH DEFENSE**

Camping World affirmatively pleads Plaintiff's signatures and initials on the applicable sales documents denote his understanding of and consent to the terms of the agreement that he voluntarily entered into with Camping World, and Plaintiff is bound by those terms, as well as the terms of all other documents he signed as part of the subject transaction.

**EIGHTEENTH DEFENSE**

Camping World affirmatively pleads the terms of the subject agreements are neither procedurally unconscionable nor substantively unconscionable.

**NINETEENTH DEFENSE**

The subject sale was not done in violation of the law and was not against public policy.

**TWENTIETH DEFENSE**

Plaintiff cannot establish a basis for the Court to find the subject agreements void or voidable.

**TWENTY-FIRST DEFENSE**

The parties have not yet conducted discovery.  As this case progresses, other affirmative defenses may become apparent.  Camping World reserves the right to assert additional defenses that it might identify at a later time.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred to the extent the subject travel trailer was used for business or other non-recreational purposes.

**TWENTY-THRID DEFENSE**

Some or all of Plaintiff's claims and alleged damages may be barred to the extent the subject travel trailer was sold "as-is," with no dealer warranty for any repairs after sale.

## TWENTY-FOURTH DEFENSE

To the extent the subject motorhome was sold subject to a consignment agreement, the terms of the exclusions and/or limitations of that consignment agreement are clear and unambiguous. Camping World affirmatively pleads the terms and conditions of any consignment agreement.

WHEREFORE, PREMISES CONSIDERED, Camping World RV Sales, LLC demands dismissal of the Complaint with prejudice, with all costs assessed to Plaintiff.

Respectfully submitted, this the 24th day of July, 2020.

By:   s/ Caroline Loveless
Kathleen Ingram Carrington (MB No. 104220)
Caroline Loveless (MB No. 105960)

*Counsel for Camping World RV Sales, LLC*

OF COUNSEL:

BUTLER SNOW LLP
Post Office Box 6010 (39158)
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Tel:  601-948-5711
Fax:  601-985-4500
kat.carrington@butlersnow.com
caroline.loveless@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to all counsel of record.

SO CERTIFIED, this the 24th day of July, 2020.

s/ Caroline Loveless
CAROLINE LOVELESS

53940865.v1